WM. HOSKINS *v.* SIMON CHAPEL.

[Abstract Kentucky Law Reporter, Vol. 7—611.]

**Parol Sale of Land.**

A parol contract for the sale of land is not enforcible, but where the vendee pays a part or all of the purchase-money under such a contract he is entitled to subject said land to his claim.

APPEAL FROM BELL CIRCUIT COURT.

February 27, 1886.

OPINION BY JUDGE PRYOR:

The parol contract for the sale of the land in controversy having been clearly established, the equity of the case required a judgment subjecting the land to the payment of the purchase-money. The title did not pass by the sale, nor can it be enforced as against either the vendor or the vendee. The vendee entered into the possession, cleared the land and made some improvements, having paid the consideration. The case was referred to the commissioner to take an account of rents and improvements, and a report made. A fair and just settlement of the matter in controversy would entitle the appellee to a judgment for $100, to be made by the sale of the land. Judgment reversed and remanded with directions to disregard the contract and subject the land to the payment of appellee's claim for the consideration paid. The rents in a case like this will not be permitted to consume the improvements made and the consideration paid. There is nothing to prevent the appellee from making a deed if the appellant is willing to accept it. Judgment *reversed* and remanded for proceedings consistent with this opinion.

J. H. Tinsley, for appellant.

J. M. Unthank and Jno. I. Scott, for appellee.